FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2013 MAY 16 PM 2:21

CLERK US DISTRICT COURT
  DISTRICT OF FL
    FLORIDA

| | |
|---|---|
| EDITH INMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-cv-562-J-32MCR |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, EDITH INMAN ("Plaintiff"), through her attorneys, The Law Offices of Robert Peters, P.A., alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

1

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Jacksonville, Duval County, Florida.

7. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of Florida.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

17. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the creditor, U.S. Department of Education, file #: 1087421, account number S263317462 ("Account").

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they would garnish Plaintiff's wages.

20. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

21. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue garnishment.

22. The representations made to Plaintiff by Defendant regarding garnishment were false.

23. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they would place a lien on Plaintiff's property.

24. Defendant has no standing to place a lien on Plaintiff's property.

25. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action.

26. The representations made to Plaintiff by Defendant regarding placing a lien on Plaintiff's property were false.

27. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they would garnish Plaintiff's tax returns.

28. Defendant has no standing to garnish Plaintiff's tax returns on behalf of the creditor.

29. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they garnish Plaintiff's tax returns.

30. The representations made to Plaintiff by Defendant regarding garnishing Plaintiff's taxes were false.

31. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiffs for her non-payment of the debt she allegedly owes.

32. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

33. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt;

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

    (c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action;

    (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take;

    (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, EDITH INMAN, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

37. Actual damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

40. Any pre-judgment and post-judgment interest as may be allowed under the law; and

5

41. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Plaintiff repeats and realleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

43. Defendant violated the FCCPA based on the following:

    a. Defendant violated *§559.72(7)* of the FCCPA by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor; and

    b. Defendant violated *§559.72(9)* of the FCCPA by attempting to assert the existence of some other right when such person knows that the right does not exist.

WHEREFORE, Plaintiff, EDITH INMAN, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

44. Actual damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

45. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

46. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

47. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

48. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
The Law Offices of Robert Peters, P.A.
Robert Peters
Fla. Bar No. 996157
1054 Kings Avenue
Jacksonville, FL 32207
Tel: 904-421-6907
Fax: 904-491-5989
rppalaw@gmail.com
Attorney for Plaintiff